UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:07-cr-4-KKC-1

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

v.              **MAGISTRATE JUDGE'S REPORT
                 AND RECOMMENDATION**

RICKY DONVA JACKSON,                                                                   DEFENDANT.

*** *** *** ***

On August 4, 2015, Defendant Ricky Donva Jackson filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [R. 39]. The United States responded on November 23, 2015 [R. 45], and Defendant replied on December 8, 2015 [R. 47]. Consistent with local practice, the matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned RECOMMENDS that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 39] be DENIED.

I. BACKGROUND

At his rearraignment on March 6, 2007, Defendant pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [R.15].

Now, Defendant claims as a basis for relief under § 2255 his counsel's ineffective assistance caused by counsel's failure to file a notice of appeal based on Defendant's alleged actual innocence and Defendant's belief that his predicate offenses were not serious or violent drug offenses. [R. 39]. Specifically, Defendant claims that he is actually innocent because he did

not possess a firearm or have three predicate offenses qualifying him for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924, namely because "his predicates are not serious violent drug offenses." [R. 39 at 5]. Defendant also claims that United States v. Johnson, 135 S. Ct. 2551 (2015), is "retroactive" and permissible for the Court to apply to his case, and that Defendant's prior conviction for trafficking "is considered a possession based on 4B1.2 and is not a serious drug offense as designed by [18 U.S.C. §§] 924(e)(2)(B) and 924(c)(2)." [Id. at 6]. In Johnson, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause, which loosely defines violent felonies, violates due process because it is unconstitutionally vague. Johnson, 135 S. Ct. at 2563.

## II.   STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights . . . ."). For a federal prisoner to prevail on a 28 U.S.C. § 2255 claim, he must show that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

If the movant alleges a constitutional error, he must establish by a preponderance of the evidence, Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings." Watson, 165 F.3d at 488 (citing Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)).

This being a *pro se* petition, the undersigned is mindful that it is held to a less stringent standard than those drafted by legal counsel and such pleadings are entitled to a liberal

construction that includes all reasonable inferences that can be drawn from them.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III.  ANALYSIS

In the present case, Defendant seeks relief on his § 2255 motion for a violation of his Sixth Amendment rights under the theory of ineffective assistance of counsel.  To prevail on an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, in order to prove deficient performance, a defendant must show that "counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.  In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . . ."  Id.  Second, a defendant must establish prejudice by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694-95.  Significantly, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance-prejudice] inquiry 'if the defendant makes an insufficient showing on one.'"  Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 697).  With these standards in mind, the undersigned will now address Defendant's underlying claims.

> Under the penalty law at issue, 18 U.S.C. § 924(e)(1),
>
> a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title *for a violent felony or a serious drug offense*, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis added).  As used in that subsection, "serious drug offense" means, in pertinent part, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"  This subsection also defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year [. . .] that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" Id. at 924(e)(2)(B) (emphasis added). That last emphasized phrase is known as the "residual clause" and was deemed unconstitutional in June 2015 by the Supreme Court in Johnson, supra.

In his § 2255 motion, Defendant makes four arguments that he alleges should have formed the basis of an appeal that his counsel failed to file. From the Court's reading, Defendant's claims are largely redundant and can be condensed into two arguments. First, Defendant argues that he is actually innocent of the crime to which he pled guilty because "he did not possess the firearm or have three (3) qualifications for the ACCA because his predicates are not serious violent drug offenses." [R. 39 at 5]. Second, Defendant argues that United States v. Johnson, 135 S. Ct. 2551 (2015), is "retroactive" and permissible for the Court to apply to his case, and that Defendant's prior conviction for trafficking "is considered a possession based on 4B1.2 and is not a serious drug offense as designed [sic] by [18 U.S.C. §§] 924(e)(2)(B) and 924(c)(2)." [Id. at 6].

The United States counters that Defendant's argument that he "did not possess the firearm" or have applicable predicate offenses under the ACCA, 18 U.S.C. § 924(e)(1), are

entirely contradicted by the record. [R. 45]. Furthermore, the United States points out that the ACCA requires either serious *or* violent drug offenses, not both, to qualify a defendant under the statute. See 18 U.S.C. § 924(e)(1).[1] The United States points to three prior trafficking offenses in Defendant's criminal record that would qualify as "serious" drug convictions pursuant to 18 U.S.C. § 924(e)(2)(A)(ii). Responding to Defendant's Johnson retroactivity arguments, the United States argues that, although courts may indeed make retroactive decisions, Defendant's citations to "4B1.2," "924(e)(2)(B)," "924(c)(2),"[2] and the Johnson decision simply do not apply to Defendant's case or provide him any avenue for relief. Responding specifically to the underlying ineffective assistance of counsel claim, the United States argues that the claim "fails for the same reasons grounds one and two failed . . . Counsel for the Defendant could not be ineffective for failing to present arguments at sentencing about two provisions of the law that were clearly not applicable." [R. 45 at 5-6].

Regarding Defendant's first argument that he is actually innocent and that he did not have three predicate offenses qualifying him under the ACCA, the Court finds Defendant's arguments completely meritless and contradicted by the record. As the United States accurately notes, Defendant admitted in his rearraignment colloquy that he possessed a firearm after having been convicted of a felony:

> THE COURT: I want to know what you did to make you believe that you were guilty.
>
> THE DEFENDANT: I acknowledge I had firearms as a convicted felon.

---

[1] For example, a defendant with three prior "serious drug offenses" would be considered a "career criminal" and would qualify for an "enhanced," or longer, sentence than he might otherwise serve.

[2] The United States' brief actually misreads Defendant's petition and responds to Defendant's claim related to § 924(i)(2) rather than §924(c)(2), but that error does not affect the Court's analysis.

[R.36 at 14-15]. Defendant also clearly qualified under the ACCA as having convictions for three prior "serious" drug offenses: one conviction was for two counts of drug trafficking, a Class C Felony, in 2004, and, later, another conviction for one count of drug trafficking, also a Class C Felony, in 2005. [See R. 11 at 1]. These Class C felony convictions are "serious drug offenses" because, pursuant to Kentucky Revised Statute 532.020, for each offense a defendant may receive a sentence between five and ten years imprisonment. Ky. Rev. Stat. 532.020(1)(b). Because 18 U.S.C. § 924(e)(2)(A)(ii) defines "serious drug offense" as being a state law drug offense with a "maximum term of imprisonment of ten years or more," Defendant's three felonies squarely fit in this definition. Therefore, Defendant clearly qualified for a sentencing enhancement pursuant to the language of 18 U.S.C. § 924(e)(1). Accordingly, Defendant's first argument that he is actually innocent and not a career offender is wholly meritless.

      Regarding Defendant's second argument, the Johnson decision — which held the residual clause of the ACCA to be unconstitutional — simply does not apply to Defendant's case. Johnson's holding only deemed unconstitutional an aspect of the ACCA concerning increased punishment for prior "violent" felonies of supposed career criminals. Johnson, 135 S. Ct. at 2563. Defendant's qualifying as a career criminal under the ACCA was based upon his three prior convictions for "serious" drug offenses, not "violent" felonies. Accordingly, Johnson does not apply to his case.[3] Likewise, Defendant's attempt to avail himself of "4B1.2," "924(e)(2)(B)," and "924(c)(2)" are equally inapposite. These guidelines provide sentencing definitions, definitions of the term "violent felony," and a definition of "drug trafficking crime," respectively. None of these citations, without more, provide any avenue of relief for Defendant. The fact that Defendant's citations largely concern definitions, the Court suspects that Defendant

---

[3] Defendant's attempt in his reply brief to support his requests with citation to the recent case Darden v. United States, 605 F. App'x 545 (6th Cir. 2015), fails for the same reason. [R. 47 at 1].

seeks to prove that his criminal history was improperly characterized. But as stated, Defendant's enhancement and qualification under the ACCA was based only on his status as having three prior "serious" drug convictions, not "violent" felony convictions, as that term is defined by § 924(e)(2)(A)(ii). Defendant's second argument requesting retroactive relief is without merit.

Turning to Defendant's central ineffective assistance of counsel claim, one's counsel cannot provide deficient performance by failing to raise wholly meritless claims. United States v. Martin, 45 F. App'x 378, 381 (6th Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). As discussed fully above, Defendant requests relief under citations of law that simply do not apply to him. Therefore, Defendant cannot prove here that his counsel's performance fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 688. Defendant's failure to satisfy the first prong of the Strickland test relieves the Court from considering the prejudice prong. Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 697). Accordingly, the undersigned cannot find that Defendant's counsel was constitutionally deficient.

## IV. CONCLUSION

For the above reasons, it is RECOMMENDED that Defendant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [R. 39], which is based on a claim for ineffective assistance of counsel, be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909,

912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

    Signed March 2, 2016.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge