UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>V.<br>RICKY DONVA JACKSON,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:07-004-KKC<br><br><br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on Defendant's *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. [DE 39.] Consistent with local practice, this matter was referred to United States Magistrate Judge Edward B. Atkins for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Atkins' report recommended that the motion be denied. [DE 48]. Defendant did not file any objections. For the reasons stated below, the Court will adopt the magistrate judge's report and recommendation.

Defendant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [DE 15.] Defendant received a sentence enhancement pursuant to 18 U.S.C. § 424(e)(1) as a result of three prior drug trafficking convictions that constituted serious drug offenses. *See* [DE 11, Notice Specifying Ricky Donva Jackson as an Armed Career Criminal.] On November 9, 2007, Defendant was sentenced to a term of 180 months. [DE 31 at 2.] Defendant did not pursue a direct appeal. He filed the present motion on August 8, 2015. [DE 39.]

1

In his motion, Defendant makes two main arguments: (1) that he is actually innocent because he did not possess the relevant firearm and because he did not have three predicate offenses that would qualify him for an enhanced sentence under the Armed Career Criminal Act (ACCA), and (2) that the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies such that his three prior convictions do not support an enhanced sentence under the ACCA. The report and recommendation rejected each of these arguments.

The Defendant makes an additional allegation that the report and recommendation does not specifically address. Defendant asserts that his "counsel failed to file a notice of appeal as instructed." [DE 39 at 5.] Both prongs of an ineffective assistance of counsel claim are categorically satisfied when a client instructs his attorney to file a notice of appeal and the attorney fails to do so. *Roe v. Flores-Ortega,* 528 U.S. 470, 480 (2000); *see also Hatchett v. Kapture*, 109 F. App'x 34, 37 (6th Cir. 2004); *Hardaway v. Robinson,* 655 F.3d 445, 449 (6th Cir. 2011). However, Defendant's assertion on this point is inconsequential because, as explained below, it is barred by the § 2255 statute of limitations.

§ 2255 contains a one-year statute of limitations. 28 U.S.C. § 2255(f). Relevant to the present motion, the limitation period runs from the latest of "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court . . . ." *Id*. at § 2255(f)(1), (3). The Supreme Court's decision in *Johnson* was issued on June 26, 2015. 135 S. Ct. at 2251. Defendant filed his motion within one year from the date of that decision, on August 4, 2015. [DE 39.] Therefore, Defendant's *Johnson* arguments are timely.

However, Defendant's other grounds for relief are barred by the one-year limitation. His assertion that he is actually innocent first arose when the judgment of conviction was entered on November 9, 2007. Defendant's additional claim that his attorney failed to file a

2

notice of appeal despite his instructions arose when the deadline to file a notice of appeal passed ten days after the entry of the judgment. Defendant now raises these arguments for the first time over eight years after the expiration of the one-year limitation period. Clearly, the § 2255 statute of limitations has run on these claims.

Defendant cannot avoid the statute of limitations. Even accepting Defendant's assertions as true, the fact that his attorney improperly failed to file a direct appeal is not, by itself, sufficient to toll the § 2255 statute of limitations, especially given the amount of time that passed before Defendant filed the present motion. *United States v. Padilla,* 478 F. Supp. 2d 865, 869 (E.D. Va. 2007). Additionally, Defendant cannot rely on the "actual innocence gateway" to avoid the statute of limitations. In *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013), the Supreme Court held that a convincing showing of actual innocence can enable a habeas petitioner to overcome the expiration of a statute of limitations. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," explaining that "[a] Petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928. The Court again emphasized that this exception "applies to a severely confined category" of cases. *Id.* at 1933; *see also Shulp v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518, 538 (2006).

Here, Defendant has not made a convincing showing of actual innocence. Defendant does not state that new evidence has been discovered. He simply makes a bare assertion that he is actually innocent because he did not possess the firearm and he does not have three predicate offenses under the ACCA because his prior convictions are not "serious violent drug offenses." [DE 39 at 5.] The Record plainly refutes both of these claims. Defendant's statement that he did not actually possess the firearm is entirely contradicted

3

by his guilty plea and admissions during his rearraignment. The following colloquy occurred during Defendant's rearraignment:

> COURT: I want to know what you did to make you believe that you were guilty.
>
> DEFENDANT: I acknowledge that I had firearms as a convicted felon.
>
> COURT: On September 20, 2006, did you possess a firearm?
>
> DEFENDANT: Yes, ma'am.
>
> COURT: Did you know at the time that you had it?
>
> DEFENDANT: Yes, ma'am.

[DE 36 at 14-15.] Defendant has presented no novel evidence showing that he did not possess the firearm. Thus, his unsupported allegation that he did not possess the firearm falls far short of the demanding standard established by *McQuiggin*.

Likewise, Defendant's claim that he did not have sufficient predicate offenses under the ACCA is patently false. The ACCA requires either violent felonies *or* drug offenses, not both, to qualify for an enhanced sentence. 18 U.S.C. § 924(e)(1). Defendant clearly qualified for an enhanced sentence because he has three prior convictions for "serious" drug offenses. [DE 11.] Defendant's convictions for three counts of drug trafficking, all class C felonies, are serious drug offenses because under Kentucky law each offense carries a "maximum term of imprisonment of ten years or more." Ky. Rev. Stat. § 532.020(1)(b); 18 U.S.C. § 924(e)(2)(A)(ii). Defendant's three prior convictions undoubtedly qualify Defendant for a sentence enhancement under § 924(e)(1). Defendant has failed to make a convincing showing of actual innocence. Therefore, he cannot use the actual innocence gateway to overcome the expiration of the statute of limitations.

Turning now to Defendant's *Johnson* argument, his only claim which is not barred by the statute of limitations, it is clear that this argument also fails because the decision does not apply here. In *Johnson*, the Supreme Court invalidated the residual clause of the

4

ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2555-57. The now-invalidated ACCA residual clause defined violent felony to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

*Johnson* does not provide relief to Defendant because, as previously discussed, Defendant received a sentence enhancement based on his three prior convictions for *serious drug offenses*, not *violent felonies*. "Serious drug offense" and "violent felony" are separate terms under the statute. *See* 924(e)(2)(A)-(B). The residual clause invalidated by *Johnson* only related to violent felonies. Thus, *Johnson* is inapplicable to Defendant's case.

For the reasons stated, none of Defendant's arguments entitle him to relief. Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 48] is **ADOPTED** as the Court's opinion; and

2. Defendant's Motion to Vacate, Set Aside, or Correct a Sentence [DE 39] is **DENIED**. Dated July 1, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY